UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLLIE FRANKLIN JR., <br><br> *Plaintiff*, <br><br> v. <br><br> AMANI SALONS, LLC; <br><br> *Defendant*. | Case No. _____ <br><br><br> **COMPLAINT** |

Plaintiff Ollie Franklin Jr., by and through the undersigned counsel, brings this action against Defendant Amani Salons, LLC, a Illinois limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the barber shop known as "State Street Barbers", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "State Street Barbers", located at 600 N Kingsbury Street, IL 60654.

3. Defendant's failure to provide equal access to "State Street Barbers" violates the mandate of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law. Defendant was given advance notice that its facilities contained accessibility barriers through a letter sent on April 7, 2015, prior to the initiation of the instant suit for relief.

5. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendant are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Ollie Franklin Jr. is a resident of the city of Chicago, Illinois. Plaintiff Franklin suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9. Plaintiff Ollie Franklin Jr. suffers from psoriatic arthritis. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is forced to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Amani Salons, LLC, an Illinois limited liability company, is the operator of the real property and improvements which are the subject of this action, the barber shop

"State Street Barbers", a place of public accommodation within the meaning of the ADA, located at the street address of 600 N Kingsbury Street, Chicago, IL 60654.

## FACTUAL BACKGROUND

11.     On or around April 4, 2015 Plaintiff Franklin attempted to visit "State Street Barbers", which is located approximately twelve city blocks from his apartment.

12.     Upon arrival, Plaintiff Franklin could not find an accessible entrance into the barber shop.

13.     The entrance to the condominium building on Kingsbury Street appeared to be off-limits to non-residents. The sidewalk adjacent to the building that led to the street level entrance to "State Street Barbers" had a step approximately six inches in height between the sidewalk and a landing in front of the door with no ramped alternative to the step. A second step, also approximately six inches in height connected the landing area to the front entrance of "State Street Barbers" shop space.

14.     Inside "State Street Barbers," two steps, each approximately four inches in height, connected the entry area to the level of the rest of the space. The entry area was positioned higher than the rest of the shop space.

15.     No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

16.     In 2010, the City of Chicago issued a permit for approximately $70,000 of renovations to the "State Street Barbers" space.

17.     In light of the architectural barriers at "State Street Barbers", Plaintiff Franklin is deterred from visiting "State Street Barbers" in the future because he is unable to enter. Plaintiff Franklin would like to be able to patronize "State Street Barbers", but these architectural barriers deter him from doing so. He plans to return and patronize "State Street Barbers" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

18.     Plaintiff Franklin attempted to access Defendant' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to

access and violations of the ADA that exist at Defendant' premises. As a result of Defendant's non-compliance with the ADA, Plaintiff Franklin cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

19. Defendant has discriminated against Plaintiff Franklin on the basis of his disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to "State Street Barbers". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "State Street Barbers" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "State Street Barbers" does not have an accessible entrance, in violation of ADAAG 206.4.1 and 206.4.5.
   b. "State Street Barbers" does not have an accessible route from public streets and sidewalks to the facility entrance, in violation of ADAAG 206.2.1.
   c. "State Street Barbers" underwent alterations to primary function areas but did not ensure that, to the maximum extent feasible, the path of travel to the altered areas were readily accessible to individuals with disabilities, in violation of ADAAG 202.4 and 1991 ADAAG 4.1.6(2).
   d. To the extent that "State Street Barbers" has an accessible entrance, the entrance was not marked as accessible, in violation of ADAAG 216.6.
   e. To the extent that "State Street Barbers" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any), was not marked with directional signage, in violation of ADAAG 216.6.

20. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "State Street Barbers".

21. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "State Street Barbers" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

22. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b).

23. As a person with a disability, Plaintiff Franklin has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

24. Without injunctive relief, Defendant' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "State Street Barbers" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

**FIRST CAUSE OF ACTION**
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

25. Plaintiff incorporates and realleges the above paragraphs.

26. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

28. Defendant has discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Franklin has been denied full and equal access to "State Street Barbers" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

29. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendant' violations of the ADA and ADAAG are ongoing.

30. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

31. Plaintiff Franklin plans to visit "State Street Barbers" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "State Street Barbers" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

32. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "State Street Barbers" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "State Street Barbers" until such time as Defendant cures the access barriers.

33. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining Defendant from continuing their discriminatory practices; including an order directing Defendant to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: <u>January 13, 2016</u>

                                      <u>/s/ John Steele</u>
                                      John L. Steele (# 6292158)
                                      ACCESSIBILITY LAW GROUP
                                      500 Michigan Avenue, Suite 600
                                      Chicago, Illinois 60611
                                      E-mail: jsteele@accessibilitylawgroup.com
                                      Phone: (312) 396-4154